IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Case No. 5:24-CR-00343

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DAVID RYAN WINTERS,

    Defendant.

ORDER

This matter comes before the court following the court's discussion with the parties at the May 28, 2026, Restitution Hearing.

In fashioning Defendant's sentence, the court recommended that Defendant receive a "[m]ental health assessment and treatment," alongside "[p]lacement at [an] FCI facility with federal medical center to address mental health" and effectuate any necessary treatment—as reflected in the Judgment. DE 48 at 3. As the court explained at sentencing, designation to a "facility that can afford [Defendant] the necessary mental health treatment," would both provide Defendant the "greatest possibility of receiving necessary treatment," and, more importantly, significantly advance "the protection of the public in the future." Trans. at 77; *see* 18 U.S.C. § 3553(a) ("The court, in determining the particular sentence to be imposed, shall consider . . . the need . . . to protect the public from further crimes of the defendant; and . . . to provide the defendant with needed . . . medical care . . . .").

Instead, Counsel for Defendant informed the court that Defendant has been designated to FCI Williamsburg, which lacks a federal medical center. Of additional note, Defendant has been

assigned substance abuse treatment but has not received any mental health treatment—facts which are also inconsistent with the court's recommendations.

In spite of those inconsistencies, there is little the court may do. As the Supreme Court has explained, "the BOP has plenary control . . . over the place of the prisoner's imprisonment, . . . and the treatment programs (if any) in which he may participate." *Tapia v. United States*, 564 U.S. 319, 331 (2011) (citing 18 U.S.C. §§ 3621(b), (e), (f); 3624(f)) (internal quotations omitted). Nevertheless, the court hopes the actions of the parties and this order's discussion regarding the importance, in this case, of the court's sentencing recommendations, may spur appropriate action. Accordingly, the parties are directed to, within thirty days of the entrance of this order, meet, confer, and file a joint status report updating the court as to Defendant's placement and participation in treatment programming.

SO ORDERED this ___29th___ day of May, 2026.

Richard E Myers II
_____
RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE

2